IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**FOREST CONSERVATION COUNCIL**,

    Plaintiff,

    vs.                                      No. **CIV 01-1258 MCA/LAM-ACE**

**FEDERAL COMMUNICATIONS COMMISSION**,

    Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Motion for Summary Judgment regarding Environmental Assessment Worksheets* [Doc. No. 42] filed on August 28, 2002; *Defendant's Motion for Summary Judgment* [Doc. No 20] filed on February 19, 2002; and *Plaintiff's Cross-Motion for Partial Summary Judgment* filed on February 16, 2002 [Doc. No. 17]. Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court determines that Defendant must release redacted copies of its environmental assessment worksheets to Plaintiff in order to comply with the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Accordingly, the parties' summary judgment motions are granted in part and denied in part.

**I.     BACKGROUND**

On May 1, 2001, Plaintiff sent a FOIA request to Defendant regarding certain categories of records "related to antenna structures and associated facilities authorized

between July 1st, 2000, and the present pursuant to 47 C.F.R. § 1.1308(d)." [Doc. No. 21, Ex. 1.] This litigation concerns the second category of records that were listed in Plaintiff's FOIA request, which Plaintiff described as:

> Copies of all documents the FCC or its Bureaus relied upon to determine that the antenna structures identified in part 1 of this request would have no significant impact on the quality of the human environment. Please do not provide copies of environmental assessments prepared by applicants for antenna structures, as these are already available on line through the Antenna Structure Registration database. Please only provide any additional documents the FCC or its bureaus relied upon in the context of the "independent review" and "independent evaluation" of applicant's environmental assessments as required by 47 C.F.R. § 1.1308(d) and 40 C.F.R. § 1506.5(a) and (b).

[Doc. No. 20, Ex. 1.]

On June 20, 2001, Defendant responded to Plaintiff's request for this category of records as follows:

> During the period in question, FCC staff used an internal Environmental Assessment Review Worksheet when reviewing environmental assessments. Such worksheets are protected from disclosure pursuant to the deliberative process privilege of FOIA Exemption 5, 5 U.S.C. § 552(b)(5), which permits us to withhold records that "would not be available by law to a party other than an agency in litigation with the agency." See Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980) (discussing the deliberative process privilege). The withheld documents consist of internal, intra-agency, pre-decisional deliberations of FCC staff and are being withheld pursuant to the underlying purposes of the deliberative process privilege. The privilege covers "all recommendations, draft documents, proposals, suggestions and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency," and is intended to protect against premature disclosure of documents (or portions thereof) that would "inaccurately reflect or prematurely disclose the views of the agency." Coastal States, 617 F.2d at 866. In addition, withholding the documents prevents the public confusion that might be caused by disclosure of reasons and rationales that were not ultimately the grounds for the agency's action. Russell v. Department of the Air Force, 682 F.2d 1045, 1048 (D.C. Cir. 1982);

> Jordan v. Department of Justice, 591 F.2d 753, 772-73 (D.C. Cir. 1978) (en banc).

[Doc. No. 20, Ex. 2.] Defendant also produced certain documents that are responsive to some of the other categories of records requested by Plaintiff, and explained how additional information could be accessed from Defendant's website or reading room. [Doc. No. 20, Ex. 2, 5; Doc. No. 29, at 9, n. 2, 3.]

On July 2, 2001, Plaintiff sent another letter to Defendant invoking the administrative-appeal procedure under 47 C.F.R. § 0.461(j), regarding Defendant's decision to withhold the second category of records described in Plaintiff's FOIA request. In this letter, Plaintiff asserted that:

> [T]he Council did not seek any pre-decisional deliberative communications that reveal the agency's internal thoughts regarding the subject antenna structure applications, rather, the Council only sought factual information on which the agency based its decisions to issue Findings of No Significant Impact ("FONSI"). Such factual information includes the Environmental Assessment Review Worksheets identified in Mr. Steinberg's letter, and any other factual documents which informed the agency's decision to issue FONSI's. In denying the Council any information with respect to Item #2, Mr. Steinberg failed to segregate such factual records from records which may be regarded as pre-decisional and deliberative. Instead, he issued a blanket denial for any and all information related to Item #2, in violation of the FOIA.

[Doc. No. 20, Ex.4.] Defendant did not respond to this letter within the twenty-day period provided in 5 U.S.C. § 552(a)(6)(A). Thus, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

On November 5, 2001, Plaintiff filed this civil action pursuant to 5 U.S.C. § 552(a)(4)(B). Plaintiff's *Complaint* requests: (1) a declaration that Defendant violated FOIA

3

by improperly withholding the category of records described above, and (2) an injunction requiring Defendant to immediately produce those records to Plaintiff. [Doc. No. 1.] Defendant subsequently moved for summary judgment on the grounds that the only documents which were responsive to Plaintiff's FOIA request are the Environmental Assessment Review Worksheets that Defendant claims are exempt from disclosure under the deliberative-process privilege commonly known as "FOIA Exemption 5." See 5 U.S.C. § 552(b)(5). [Doc. No. 20.] Plaintiff filed a cross-motion contesting Defendant's assertions regarding the applicability of FOIA Exemption 5 to the worksheets and the non-existence of other records. [Doc. No. 17.]

Plaintiff also moved for an order requiring Defendant to prepare and produce a detailed index of the existing records at issue pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1975), and to search for additional records that are responsive to Plaintiff's FOIA request. [Doc. No. 16.] Defendant submitted a Vaughn index in response to Plaintiff's motion.[1] United States Magistrate Judge Leslie Smith then reviewed the worksheets identified by Defendant *in camera* and issued an order requiring Defendant to supplement its Vaughn index with the following information by no later than May 13, 2002:

> (1) a blank copy of the FCC WTB Environmental Assessment Review Worksheet;

---

[1] A Vaughn Index "'consists of one document that adequately describes each withholding record or deletion and sets forth the exemption claimed and why that exemption is relevant.'" King v. U.S. Dep't of Justice, 830 F.2d 210, 219 n.73 (D.C. Cir. 1987) (quoting Paisley v. CIA, 712 F.2d 686, 690 n.12 (D.C. Cir. 1983)).

      (2) the FCC staff name, the dates concerning processing, the file numbers, and the placement of the check marks (to the extent there are any check marks and to the extent that any of the aforesaid information is noted on the Worksheet in question);

      (3) the Court notes that the great majority of the worksheets have absolutely nothing marked or written on the second page. Therefore, the Vaughn Index should include identification of any information to which there would be an exception to this statement . . . .

[Doc. No. 36.]

      Defendant filed a supplemental <u>Vaughn</u> index and moved for reconsideration of Judge Smith's *Order* with respect to identifying the placement of check marks on the form and the identification of the worksheets with blank second pages. [Doc. No. 37.] Judge Smith denied Defendant's motion for reconsideration as moot and set a deadline for the filing of additional summary-judgment motions. [Doc. No. 40] In accordance with this deadline, Plaintiff filed an additional summary-judgment motion regarding the worksheets identified on the supplemental <u>Vaughn</u> index. [Doc. No. 42.]

      A blank form of the worksheet at issue in this case was appended as an exhibit to Plaintiff's second summary-judgment motion. [Doc. No. 44]. According to this exhibit and Defendant's supplemental <u>Vaughn</u> index, the worksheet consists of a form with blank spaces provided at the top of the page for the file number, names of the applicant and the staff involved in reviewing the applicant's environmental assessment, and certain processing dates associated with that review. Sections I and II of the worksheet form consist of checklists indicating the reason why the applicant's environmental assessment was filed and the categories of information contained in the environmental assessment. Section III, which

begins on the second page of the worksheet, contains a checklist of reasons why the application must be amended and a blank space in which to document "Applicant Contact/Other Notes." Section IV of the Worksheet contains a blank space in which to identify the basis for finding "that the applicant's proposed construction of the antenna facility will not have a significant impact on the human environment."

## II.   ANALYSIS

The goal of FOIA "is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). To achieve this goal, "FOIA is to be broadly construed in favor of disclosure." Anderson v. Dep't of Health and Human Servs., 907 F.2d 936, 941 (10th Cir. 1990).

If a government agency seeks to withhold an item of information from disclosure under FOIA, the agency bears the burden of demonstrating that the item at issue fits within one of the nine statutory exemptions contained in 5 U.S.C. § 552(b). See 5 U.S.C. § 552(a)(4)(B) ("[T]he burden is on the agency to sustain its action."); Alyeska Pipleline Service Co. v. U.S.E.P.A., 856 F.2d 309, 311 (D.C. Cir. 1980) (similar). These statutory exemptions are to be narrowly construed. See Petroleum Info. Corp. v. United States Dep't of Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992).

In keeping with this narrow construction, FOIA does not permit government agencies to conclude that an entire file or body of information is exempt from disclosure without consideration of the component parts. "[E]ven if some materials from the requested record

are exempt from disclosure, any 'reasonably segregable' information from those documents must be disclosed after redaction of the exempt information unless the exempt portions are 'inextricably intertwined with exempt portions.'" Johnson v. Executive Office for United States Attorneys, 310 F.3d 771, 776 (D.C. Cir. 2000) (quoting 5 U.S.C. § 552(b)). "In order to demonstrate that all reasonably segregable has been released, the agency must produce a 'detailed justification' for its non-segregability." Id. (quoting Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977)).

A government agency's decision to withhold information requested under FOIA is subject to judicial review under a *de novo* standard. See Anderson, 907 F.2d at 941. In order to properly conduct such judicial review, district courts must ensure that there is an adequate factual basis on which to evaluate the agency's decision. See King, 830 F.2d at 225-26. In particular, district courts may utilize *in camera* review of the disputed documents, indexing, oral testimony, detailed affidavits, or alternative procedures to obtain the necessary foundation for evaluating the legality of the agency's decision. See Desalvo v. I.R.S., 861 F.2d 1217, 1222 n.6 (10th Cir. 1988).

"A district court may grant summary judgment to the government in a FOIA case only if the agency affidavits [or other evidence] describe[s] the documents withheld and the justifications for non-disclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed." PHE, Inc. v. Dep't of Justice, 983 F.2d 248, 250 (D.C. Cir. 1993) (quoting King, 830 F.2d at 217). The agency must show that each document which falls within the class requested

either has been produced, is unidentifiable, or is wholly exempt from FOIA's inspection requirements.  See Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978).  This burden is not met "'[w]here the agency affidavits merely parrot the language of the statute and are drawn in conclusory terms.'"  Anderson, 907 F.2d at 942 (quoting Carter v. Untied States Dept. of Commerce, 830 F.2d 388, 393 (10th Cir. 1987)).

In this case, Plaintiff seeks judicial review of Defendant's decision to withhold its Environmental Assessment Review Worksheets.  Plaintiff also seeks judicial review of Defendant's contention that there is no other undisclosed information which is responsive to the FOIA request at issue here, as well as Defendant's failure to respond to Plaintiff's administrative appeal within the twenty-day period provided in the statute.  The Court first addresses the parties' contentions regarding the Environmental Assessment Review Worksheets, and then turns to the issues of undisclosed information and time limits.

### A.   Disclosure of the Environmental Assessment Review Worksheets

Defendant claims that its Environmental Assessment Review Worksheets are exempt from disclosure under the deliberative-process privilege commonly known as "FOIA Exemption 5."  This statutory exemption allows government agencies to withhold "inter or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. 552(b)(5).  The purpose of this exemption is "to allow agencies freely explore possibilities, engage in internal debates, [and] play devil's advocate without fear of public scrutiny."  Assembly of State of Cal. v. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir. 1992).

In order for information to be protected from disclosure by the deliberative process privilege, the information must be both "predecisional" and "deliberative." See id.; Coastal States Gas Corp. v. Dept. of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980). "A 'predecisional' document is one prepared in order to assist an agency decision-maker in arriving at its decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Formaldehyde Inst. V. Dept. of Health & Human Services, 889 F.2d 1118, 1122 (D.C. Cir. 1989) (citations and internal quotation marks omitted). Information may be "predecisional" and still fail to fall within the confines of Exemption 5, if it is not part of the "deliberative process". See id. at 1121.

Predecisional information is part of the deliberative process if its disclosure to the public "'would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" Id. at 1122 (quoting Dudman Communications Corp. v. Dep't of the Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987)). In order to qualify as "deliberative," an agency's predecisional information must: (i) form an essential link in a specified consultative process, (ii) reflect the personal opinions of the writer rather than the policy of the agency; and (iii) "inaccurately reflect or prematurely disclose the views of the agency" on legal or policy matters if released pursuant to FOIA. Providence Journal Co. v. United States Dept. of the Army, 981 F.2d 552, 559 (1st Cir. 1992).

The deliberative process privilege only applies to "opinions and recommendations on

9

which governmental decisions are based." Playboy Enters., Inc. v. Dep't of Justice, 677 F.2d 931, 935 (D.C. Cir. 1982). This privilege does not cover "'purely factual material appearing in . . . documents in a form that is severable without compromising the private remainder of the documents.'" Id. (quoting EPA v. Mink, 410 U.S. 73, 91 (1973)). Thus, even if part of a document is exempt from disclosure under FOIA, the agency must still disclose "any reasonably segregable portion" of the document which is not exempt. 5 U.S.C. § 552(b). The district court must make specific findings on the issue of segregability in order to establish that the required *de novo* review of the agency's decision has taken place. See Wiener v. FBI, 943 F.2d 972, 988 (9th Cir. 1991).

In this case, the Court concludes that the supplemental Vaughn index prepared by Defendant, as well as the affidavits and other evidence attached to the parties' briefs, provide the necessary factual basis on which to evaluate Defendant's claims that its Environmental Assessment Review Worksheets are exempt from disclosure under the deliberative process privilege. The Court further concludes that the worksheets contain information which is exempt from disclosure under this privilege, but that there are reasonably segregable, non-exempt portions of the worksheets which must be disclosed to Plaintiff under FOIA.

While the parties do not dispute that the worksheets in question contain inter-agency communications which are predecisional, the Court determines that only a portion of these worksheets contains information that is truly deliberative. As noted above, the deliberative process privilege generally applies to the "opinion" or "recommendatory" portion of a document, not to the factual information contained in the document. See Playboy Enters.,

Inc., 677 F.2d at 935. The "opinion" or "recommendatory" portions of the worksheets at issue in this case are limited to that information which is responsive to the topics listed in Sections III and IV of the worksheet form, *i.e.*, that information which expresses an opinion or recommendation concerning whether "the Application must be amended" or whether "this office finds that the applicant's proposed construction of the antenna facility will not have a significant impact on the human environment." [Doc. No. 44.]

Accordingly, Defendant may redact the information which falls in this category. If agency personnel have checked one or more of the boxes in Section III of the worksheet form to indicate the reasons why an application must be amended, Defendant may redact all of the boxes in Section III of that particular worksheet so as not disclose which ones were checked. In addition, Defendant may redact notes or other writings contained in the blank spaces in Sections III and IV of the forms if such notes or other writings contain opinions or recommendations on legal or policy matters which are responsive to the topics listed therein.

All information on the worksheets that does not fall within the scope of the exemption described above is reasonably segregable and must be disclosed to Plaintiff under FOIA. In particular, the Court determines that the deliberative process privilege does not apply to information on the worksheets which is responsive to the topics listed at the top of the first page of the worksheet form, or to the topics listed in Sections I and II of the worksheet form, *i.e.*, the file number, names of the applicant and the staff involved in reviewing the applicant's environmental assessment, processing dates associated with that review, descriptions of the reasons why the applicant filed the environmental assessment under

11

review, and descriptions of the contents of that assessment. The Court determines that this information is factual in nature and does not expose the predecisional opinions or recommendations of agency personnel concerning legal or policy matters (such as what action should be taken on the applications under review).

The Court further determines that the information which is responsive to the topics identified in Sections I and II of the worksheet form simply describes the contents of the environmental assessments submitted by applicants, which Defendant already has made available to the public by means of a website or reading room. It is illogical to maintain that such reasonably segregable descriptions of the contents of the environmental assessments are exempt from disclosure when the environmental assessments themselves are public documents. See Petroleum Info. Corp., 976 F.2d at 1436-37. Further, "a report does not become part of the deliberative process merely because it contains only those facts which the person making the report thinks material." See Playboy Enters., Inc., 677 F.2d at 935. In this case, the Court concludes that the portions of the worksheets containing agency personnel's descriptions of the contents the environmental assessments (which are themselves public documents) must be disclosed under FOIA because such disclosure does not expose the type of internal agency "thinking process" that the deliberative process privilege is designed to protect.

The Court next addresses Defendant's contention that any non-exempt information on the worksheet forms is not reasonably segregable from the exempt information because many of the worksheets in question contain margin notes or other writings by agency

personnel which do not correspond to the spaces or boxes provided on the worksheet forms. This contention lacks merit. The predecisional opinions or recommendations of agency personnel concerning legal or policy matters relating to the topics identified in Sections III or IV of the worksheet form are exempt from disclosure regardless of where they actually appear on the form. Thus, to the extent that such exempt information appears in the margins or was mistakenly written on another portion of the form, Defendant may redact it.

On the other hand, Defendant must disclose the non-exempt categories of information identified above even if such non-exempt information appears in the margins or was mistakenly written on another portion of the form. It is the nature of the information, and not where it appears on the form, that determines the scope of disclosure under FOIA.

Finally, the Court notes Judge Smith's observation that many of the spaces and boxes on the worksheet forms are left blank or unchecked, and in most cases the second page of the worksheets is completely blank. [Doc. No. 36.] The Court will not accept the Orwellian proposition that a blank space on a form would somehow expose a government agency's internal "thinking process." The deliberative process privilege contained in FOIA Exemption 5 does not shield information which shows only the absence of deliberation. Accordingly, to the extent that Sections III or IV of the worksheets are left completely blank, Defendant must disclose those portions of the worksheets to Plaintiff under FOIA.

### B.     Other, Undisclosed Information

The Court next addresses Plaintiff's contention that Defendant possesses information other than the Environmental Assessment Review Worksheets which is responsive to the

13

second category of records identified in Plaintiff's FOIA request and which Defendant has not yet disclosed.  To support its contention that such additional undisclosed information must exist, Plaintiff points out that the administrative procedure for reviewing the type of environmental assessments at issue here allows Defendant to request additional supporting documentation from an applicant, and allows members of the public to file comments, objections, or petitions to deny the applications, which also may be supported by additional documentation.  In addition, Plaintiff cites a handful of specific cases in which Defendant issued a findings of no significant impact (FONSI) based on such additional documentation. [Doc. No. 23.]

In response to Plaintiff's contention that additional, undisclosed information may exist, Defendant notes that Plaintiff specifically excluded certain environmental assessments from its FOIA request.  In addition, Defendant asserts that the environmental assessments submitted by applicants, along with the types of supporting information identified by Plaintiff (such as requests for additional information, public comments, objections, and petitions to deny applications) have been posted on a publicly accessible website, made available in a public reading room, or otherwise disclosed to Plaintiff in specific cases in which Plaintiff is involved.  Defendant further asserts that the location of its public reading room, as well as instructions for accessing its website, already have been provided to Plaintiff. [Doc. No. 29, at 9 n. 2, 3.]  Thus, according to Defendant, all of the information which is responsive to the FOIA request at issue in this case already has been made available to Plaintiff, except for the worksheets discussed in the previous section of this *Memorandum*

*Opinion and Order.*

Plaintiff replies that most of the environmental assessments it has accessed by means of Defendant's website contain no such additional documentation. Defendant maintains, however, that the reason such additional information is lacking in most cases is because most applicants' environmental assessments simply proceed through the review process without additional comments, objections, or other documentation.

The Court concludes that Defendant has met its burden of proving that it is entitled to partial summary judgment on this aspect of Plaintiff's FOIA request. "When an agency has already made records available under subsections (a)(1) or (a)(2) of 5 U.S.C. § 552, the FOIA explicitly provides that the agency need not disclose the records in response to a FOIA request under subsection (a)(3)." Petroleum Info. Corp., 976 F.2d at 1437. The 1996 amendments to FOIA broadened the scope of records that are to be made available to the public under 5 U.S.C. § 552(a)(2). See generally Michael E. Tankersley, How the Electronic Freedom of Information Act Amendments of 1996 Update Public Access for the Information Age, 50 Admin. L. Rev. 421 (1998). In accordance with these recent amendments, Defendant has elected to provide certain information by means of a publicly accessible website or reading room pursuant to 5 U.S.C. § 552(a)(2). Therefore, the agency need not produce the same information again pursuant to an individual FOIA request under 5 U.S.C. § 552(a)(3).

Further, the Court will not speculate that additional documents must exist in other cases simply because there are a few cases (already known to Plaintiff) in which additional

15

documentation was generated, or because the agency's administrative procedures generally provide avenues through which such additional documentation could be generated. See Marks v. United States, 578 F.2d 261, 264 (9th Cir. 1978); Center Against UFO Secrecy, Inc. v. U.S. Dep't of Defense, No. 00-16036, 2001 WL 1434594, at *2 (9th Cir. Nov. 14, 2001) (unpublished disposition). Such speculation does not create a genuine issue of material fact as to the existence of additional, undisclosed information that is responsive to the portion of Plaintiff's FOIA request at issue here.

For these reasons, the Court grants Defendant's summary-judgment motion in part, and denies Plaintiff's cross-motion in part, with respect to the search for additional records and the production of undisclosed information other than the redacted versions of the worksheets discussed above. The Court's conclusion in this regard does not preclude Plaintiff from submitting additional FOIA requests in the future, particularly in the event that it finds references to additional information regarding a specific environmental assessment or FONSI and cannot locate that additional information from Defendant's publicly accessible website or reading room.

### C. Violation of Time Limits for Responding to Administrative Appeal

Plaintiff's final contention is that it is entitled to some form of relief in order to remedy Defendant's failure to respond within twenty days of its receipt of the administrative appeal that Plaintiff filed after receiving Defendant's letter denying the relevant portion of the FOIA request at issue here. The relevant provision of FOIA states that the agency shall "make a determination with respect to any [administrative] appeal within twenty days

(excepting Saturdays, Sundays, and any legal public holidays) after the receipt of such appeal."5 U.S.C. § 552(a)(6)(A)(ii).

In this case, the Court determines that the appropriate remedy for Defendant's failure to respond within this twenty-day period already has been provided to Plaintiff under 5 U.S.C. § 552(a)(6)(C), which states that a person who has made a FOIA request "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." The effect of Defendant's failure to file a timely response to Plaintiff's administrative appeal of the denial of his FOIA request is to allow Plaintiff to proceed to court without further delay and obtain judicial review of that denial. This Court has conducted such review. Therefore, Plaintiff is entitled to no further relief on this claim regarding the time limits for agency action under FOIA. See Maricopa Audubon Society v. U.S. Forest Serv., 923 F. Supp. 1436, 1442 (D.N.M. 1995), aff'd, 104 F.3d 1201 (10th Cir. 1997).

## III.   CONCLUSION

For the foregoing reasons, the Court concludes that there are no genuine issues of material fact and that this controversy is appropriately resolved by granting in part and denying in part the parties' motions for summary judgment. Plaintiff is entitled to partial summary judgment with respect to its claim that Defendant violated FOIA by failing to disclose redacted versions of its Environmental Assessment Review Worksheets under the conditions specified above, and Defendant is hereby ordered to produce such records to Plaintiff forthwith. Defendant is entitled to partial summary judgment with respect to its

17

claims that: (1) a portion of the information on the worksheets is exempt from disclosure and may be redacted under the conditions specified above, (2) there is no existing information other than the redacted worksheets which must be disclosed pursuant to the portion of Plaintiff's FOIA request at issue here, and (3) no further relief (apart from the judicial review provided in this *Memorandum Opinion and Order*) is required to remedy Defendant's failure to respond to Plaintiff's administrative appeal within the twenty-day time limit provided in FOIA.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Motion for Summary Judgment regarding Environmental Assessment Worksheets* [Doc. No. 42] is **GRANTED IN PART** and **DENIED IN PART** under the conditions specified above.

**IT IS FURTHER ORDERED** that *Defendant's Motion for Summary Judgment* [Doc. No 20] is **GRANTED IN PART** and **DENIED IN PART** under the conditions specified above.

**IT IS FURTHER ORDERED** that *Plaintiff's Cross-Motion for Partial Summary Judgment* [Doc. No. 17] is **GRANTED IN PART** and **DENIED IN PART** under the conditions specified above.

**SO ORDERED**, this 30th day of September 2003, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
*United States District Judge*